UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL H. MIROYAN,

    Plaintiff,

v.

STEPHEN V. MANLEY,

    Defendant.

Case No. 16-cv-01084-JCS (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California state prisoner proceeding pro se, has filed this federal civil rights action under 42 U.S.C. § 1983 in which he raises claims against a state judge in whose criminal court plaintiff appeared as a defendant, and against the state court's clerks. After reviewing his allegations pursuant to 28 U.S.C. § 1915(e), the Court DISMISSES the complaint.[1]

## DISCUSSION

**A.  Standard of Review**

In its initial review of this pro se complaint, this Court must dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

---

[1] Plaintiff consented to magistrate judge jurisdiction. (Docket No. 3.) The magistrate judge, then, has jurisdiction to issue this order, even though defendants have not been served or consented to magistrate judge jurisdiction. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff alleges that (1) state court judge Stephen Manley violated his constitutional rights by (a) appointing a defense attorney who had a conflict of interest; (b) having a "vindictive disparity of sentencing"; (c) never letting him speak in court, removing him from the proceedings and then sealing the transcripts; and (d) ordering the court clerks to not file his pleadings. He also alleges that (2) the state court clerks are violating his rights by obeying Manley's instructions. Neither set of allegations states a claim for relief under § 1983.

A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (ruling on a motion and exercising control over a courtroom are normal judicial functions, e.g., judge who denied disability accommodation to litigant was absolutely immune). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or in excess of his authority; rather, he will be subject to liability only when he has acted in the

2

'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872)); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (judicial immunity is not overcome by allegations of bad faith or malice); *Sadorski v. Mosley*, 435 F.3d 1076, 1079 n.2 (9th Cir. 2006) (mistake alone is not sufficient to deprive a judge of absolute immunity).

The doctrine of judicial immunity does not bar claims for injunctive relief in § 1983 actions. S*ee Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). However, § 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Claim 1 is DISMISSED. All of the actions described by plaintiff (appointing an attorney, imposing sentence, controlling his courtroom and the filing process) are acts performed in Manley's judicial capacity. He is therefore immune to any claims for money damages, despite plaintiff's allegations of malice and bad faith.

Any claims for injunctive relief are also DISMISSED. Plaintiff has not alleged, nor is there anything in the complaint to support an inference, that a declaratory decree was violated, or that declaratory relief was unavailable. Under these circumstances, Manley is immune from claims for injunctive relief.

Claim 2 is DISMISSED because the court's clerks are also immune from suit. The Supreme Court has recognized that some officials perform special functions which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability. *Buckley v. Fitzsimmons*, 509 U.S. 259, 268-69 (1993). This immunity extends to individuals performing functions necessary to the judicial process. *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003). Under the common law, judges, prosecutors, trial witnesses, and jurors were absolutely immune for such critical functions. *Id.* at 896. The Court has taken a "functional approach" to the question of whether absolute immunity applies in a given

situation, meaning that it looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley*, 509 U.S. at 269 (1993) (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)).  Accordingly, state actors are granted absolute immunity from damages liability in suits under § 1983 for actions taken while performing a duty functionally comparable to one for which officials were immune at common law.  *Miller*, 335 F.3d at 897.  Here, the clerks' declination to file is necessarily a part of the judicial process and therefore they are immune from suit for damages.

Also, if plaintiff seeks relief from Manley's actions, the proper method is to appeal the judge's decisions to the state appellate court, or file a federal habeas action, rather than file a suit under § 1983.

## CONCLUSION

Plaintiff's claims are DISMISSED.  The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  May 10, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL H. MIROYAN,<br><br>    Plaintiff,<br><br>v.<br><br>STEPHEN V. MANLEY,<br><br>    Defendant. | Case No. 16-cv-01084-JCS<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on May 10, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Michael H. Miroyan ID: ID: ATT211
Elmwood Correctional Facility
701 S Abel Street
Milpitas, CA 95035


Dated: May 10, 2016

                                                    Susan Y. Soong
                                                  Clerk, United States District Court

                                                  By:_____
                                                  Karen Hom, Deputy Clerk to the
                                                  Honorable JOSEPH C. SPERO